UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:14-CR-148-BR-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| KIRK DOUGLAS SWAIN, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the post-judgment motion of Defendant requesting a copy at the government's expense of his sentencing transcript. [DE-43]. Defendant states that he is currently indigent and unable to pay the cost for the transcript, he is in the process of filing for post-conviction relief, and the sentencing transcript is essential. *Id.* Defendant was sentenced on May 4, 2015 [DE-38] and judgment was entered the same day [DE-39]. Defendant did not appeal his conviction or sentence. To the extent Defendant seeks to pursue a motion under 28 U.S.C. § 2255, there is no constitutional requirement that the government provide an indigent defendant with free transcripts or other court documents in order to collaterally attack a conviction or sentence, and the defendant must show a "particularized need" for the documents. *Morin v. United States*, 522 F.2d 8, 9 (4th Cir. 1975) (citing *Jones v. Superintendent, Virginia State Farm*, 460 F.2d 150, 152–53 (4th Cir. 1972) ("An indigent is not entitled to a transcript at government expense without a showing of need, merely to comb the record in the hope of discovering some flaw.")). Defendant's statement that the transcript is "essential" to his petition is insufficient to demonstrate a particularized need. Finally, because Defendant does not currently have a § 2255 proceeding pending, there is no

obligation under 28 U.S.C. § 753(f)¹ to provide a transcript at the government's expense. Accordingly, Defendant's motion is denied without prejudice to renew his motion upon a proper showing.

SO ORDERED, this the 6th day of July 2017.

Robert B. Jones, Jr.
United States Magistrate Judge

---

¹The circumstances under which the court may provide an indigent defendant a copy of his transcript at the government's expense are addressed in 28 U.S.C. § 753(f). Specifically, the statute states that a free transcript shall be provided to an indigent defendant permitted to bring an action pursuant to 28 U.S.C. § 2255 *in forma pauperis* and "if the trial judge . . . certifies that the suit . . . is not frivolous and that the transcript is needed to decide the issue presented by the suit. . . ." *Id.*; *see also United States v. MacCollum*, 426 U.S. 317, 326 (1976) (establishing that indigent defendants do not have a constitutional right to a free transcript to pursue post-conviction relief).